# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2022

Lyle W. Cayce
Clerk

No. 21-60430
Summary Calendar

Gustavo Javier Rios-Aguilar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A207 006 049

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Gustavo Javier Ríos-Aguilar, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing an appeal from an order of the immigration judge

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60430

(IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT).

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), Ríos-Aguilar first contends that, because his Notice to Appear did not provide the date and time of his initial immigration hearing, it was "defective" or "invalid." Because Ríos-Aguilar did not present this claim to the BIA, we lack jurisdiction to review it. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

With respect to any purported challenge to the BIA's dismissal of his application for withholding of removal, we lack jurisdiction to consider Ríos-Aguilar's contention that he was persecuted on account of his membership in a particular social group because he did not present this claim to the BIA. *See Omari*, 562 F.3d at 318; *Wang*, 260 F.3d at 452. Otherwise, by failing to directly address the reasons that the BIA articulated for upholding the IJ's denial of his application for withholding of removal, by failing to identify any error in the BIA's analysis, and by failing to adequately cite the record or caselaw in support of his petition, Ríos-Aguilar has abandoned any challenge to the BIA's dismissal of his appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Furthermore, Ríos-Aguilar has abandoned for failure to brief any challenge to the BIA's determination that he waived any claim for protection under the CAT. *See id.*

Ríos-Aguilar's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.